FILED'08 AUG 26 12:07 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LON S. NEVLER,                                    Civil No. 07-6201-AA
                                                  OPINION AND ORDER
        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

Kathryn Tassinari
Robert Baron
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
        Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

        Claimant, Lon Nevler, brings this action pursuant to the

1    - OPINION AND ORDER

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

### PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for disability insurance benefits and SSI disability benefits on May 27, 2004. Tr. 19. The applications were denied initially and on reconsideration. Id. On August 3, 2006, a hearing was held before an administrative law judge (ALJ). On December 20, 2006, the ALJ issued a decision finding plaintiff not disabled because he could perform other work existing in significant numbers in the national economy. Tr. 16-25. On June 15, 2007, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision  Tr. 7-10.  See 20 C.F.R. §§ 404.981, 416.1481, 422.210.

### STATEMENT OF THE FACTS

At the time of the ALJ hearing, plaintiff was 56 years old, had completed the 12th grade, and earned a general equivalency diploma (GED).  Tr. 53, 69, 265, 282-83.  Plaintiff had past relevant work experience as a security guard, salesperson, telemarketer, and wildland firefighter.  Tr. 26, 99, 304-07. Plaintiff last worked part-time in January 2003.  Tr. 304. Plaintiff alleged disability beginning on June 15, 1999, due to social anxiety disorder and temporomandibular joint (TMJ)

2   - OPINION AND ORDER

disorder.  Tr. 19, 53, 65, 265.

### STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

3    - OPINION AND ORDER

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant time period. Tr. 22, Finding 2. See 20 C.F.R. §§ 404.1520(b), 416.920(b).

4   - OPINION AND ORDER

At step two, the ALJ found that plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD), a social anxiety disorder, and a personality disorder with anti-social features.  Tr. 22, Finding 3.  <u>See</u> 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings of Impairments.  Tr. 23, Finding 4.  <u>See</u> 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).  In determining plaintiff's residual functional capacity (RFC), the ALJ found that plaintiff was "without physical restrictions," and that he could "perform simple, routine tasks and instructions," "can have occasional contact with co-workers but should have no contact with the public."  The ALJ stated "there are no other limitations."  Tr. 23, Finding 5.  <u>See</u> 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work.  Tr. 16, Finding 6.  <u>See</u> 20 C.F.R.§§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Finally, at step five, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy as a shipping and receiving weigher, a sweeper/cleaner, a printed products assembler, and a groundskeeper.  Tr. 24-25, Finding 10.  <u>See</u> 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

///

1    2. <u>Plaintiff's Allegations of Error</u>

2    A. The ALJ Erred in Failing to Include Cervical

3    Degenerative Disc Disease and Radiculopathy as "Severe"

4    Impairments at Step Two of the Sequential Analysis.

5    As stated above, at step two of the inquiry, the

6    Commissioner determines whether plaintiff has a medically severe

7    impairment or combination of impairments. <u>Smolen v. Chater</u>, 80

8    F.3d 1273, 1290 (9th Cir. 1996). An impairment can be found "not

9    severe" only if the evidence establishes a slight abnormality

10   that has "no more than a minimal effect on a individual's ability

11   to work." <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1988).

12   On review, the court must determine whether the medical evidence

13   "clearly established" that plaintiff's degenerative disc disease

14   was nonsevere. <u>Webb v. Barnhart</u>, 433 F.3d 683, 687 (9th Cir.

15   2005).

16   The ALJ found that imaging studies revealed multilevel

17   degenerative cervical disc changes, but concluded that "there was

18   no evidence of neurological compromise." Tr. 22. The ALJ stated

19   that, other than cervical spasm and limited range of motion,

20   "there was no evidence of decreased grip or other motor or

21   neurological functioning." <u>Id.</u> Finally, the ALJ found that

22   plaintiff's ability to bicycle and walk "suggests he was not

23   particularly limited." <u>Id.</u>

24   I disagree and find that the medical evidence fails to

25   "clearly establish" that plaintiff's degenerative disc disease is

26   nonsevere. On February 7, 2005, plaintiff reported a three month

27   history of neck pain, radiating into his shoulders and down his

28   arms. Tr. 213. His hands tingled and burned. <u>Id.</u> He had

limited range of motion in his neck.  Id.  Full rotation to either side caused pain in his trapezium and scapular muscles. Id. Dr. Mentzer, plaintiff's long-term treating physician, found among other issues, neck and shoulder pain suggesting radiculopathy affecting plaintiff's arms.  Id. On February 17, 2005, cervical spine x-rays revealed degenerative changes.  Tr. 216.  On March 12, 2005, a cervical MRI found diffuse cervical spondylosis with considerable disc space narrowing at C4-5, C5-6 and C6-7.  Tr. 214.  The test further found broad based disc and osteophyte causing mild canal stenosis at C6-7 with a right-sided asymmetric annular bulge and osteophyte, as well as foraminal narrowing, at C5-6.  Id.  There was moderate canal stenosis secondary to a right sided disc protrusion, and broad based disc and posterior osteophytosis, causing bilateral foraminal narrowing at C4-5.  Id.  The MRI found borderline canal stenosis secondary to broad based disc and osteophyte without focal disc protrusion at C3-4.  Id.

On March 21, 2005, plaintiff reported neck, shoulder and arm pain.  Tr. 212.  Dr. Mentzer found that the MRI results showed "considerable pathology."  Id.  Plaintiff had limited range of motion in his neck, increased pain with elevation at both shoulders, and decreased strength of handgrip bilaterally. Id. There was diminished pinprick sensation of the left forearm. Id. Dr. Mentzer found plaintiff had radicular symptoms.  Id.

Upon Dr. Mentzer's request, on April 7, 2005, plaintiff was evaluated by Dr. Kitchel, an orthopedic surgeon.  Tr. 202. Plaintiff reported a feeling of pins and needles and numbness in both arms.  Id.  He was dropping things from his hands.  Id.  Dr.

7   - OPINION AND ORDER

Kitchel found that plaintiff had difficulty heel walking and had spasms in his cervical musculature. *Id.* He had moderate tenderness in his low cervical and upper thoracic spine and in his left cervical root origins. *Id.* Dr. Kitchel noted that plaintiff had decreased sensation on his left side at C-6. *Id.* Dr. Kitchel diagnosed plaintiff with cervical spondylosis and recommended a therapy/exercise program. Tr. 205.

On September 9, 2005, after examining plaintiff, Dr. Mentzer found plaintiff had a limited range of motion in his neck, with rotation and extension greatly limited. Tr. 210. On June 2, 2006, Dr. Mentzer wrote a letter to the agency, stating that plaintiff continued to experience right TM joint pain, chronic anxiety, elements of bipolar disease and chronic neck pain with radicular symptoms into his arms. Tr. 208. An MRI had shown considerable degenerative changes. *Id.* Dr. Mentzer wrote:

> He does have considerable disability in regards to
> gainful employment. The neck problem causing the
> radicular symptoms in his arms would certainly
> interfere with any use of his upper extremities on
> a regular basis, especially lifting, pulling,
> straining, turning his neck with driving and
> especially any work reaching overhead.
>
> I do feel that his major disability is psycho-emotional,
> and would cause considerable difficulty in a work-
> place situation, including concentration, persistence,
> and especially interpersonal interaction. It is
> my opinion that he is at least moderately disabled
> by this on a more or less permanent basis.

Tr. 208.

Relying on Dr. Mentzer's opinion, plaintiff's degenerative disc disease would "certainly interfere" with any use of plaintiff's upper extremities on a regular basis, especially lifting, pulling, straining, turning his neck with driving, and

especially any requirement to reach his arms above his head. Tr. 208. The ALJ erred in failing to include these limitations in plaintiff's RFC assessment, and further failed to include plaintiff's cervical limitations in the hypothetical posed to the vocational expert (VE). In conclusion, the medical evidence failed to "clearly establish" that plaintiff's degenerative disc disease is nonsevere. Webb, 433 F.3d at 687.

B. The ALJ Failed to Provide Clear and Convincing Reasons for Failing to Credit Plaintiff's Treating Physician, Dr. Mentzer.

Dr. Mentzer found plaintiff "at least moderately disabled" by psychological problems "on a more or less permanent basis." Tr. 208. If a treating physician's opinion is supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record, that opinion is given controlling weight. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). An ALJ may reject a treating physician's uncontradicted opinion based on "clear and convincing" reasons in the record. Id. at 1202. Even if the treating physician's opinion is inconsistent with other evidence in the record, that opinion is still entitled to deference. Id.

The defendant asserts first that the ALJ properly rejected Dr. Mentzer's opinion regarding plaintiff's physical condition because it conflicted with Dr. Kitchel's examination, the orthopedic surgeon. Def's Brief, p. 9. Defendant states that Dr. Kitchel's examination found plaintiff not "significantly limited." It is notable that the defendant fails to address Dr. Kitchel's further finding that plaintiff has decreased sensation

9   - OPINION AND ORDER

1    at C-6.   Tr. 204.   Dr. Mentzer also noted that plaintiff had

2    diminished pinprick sensation of the left forearm, indicating

3    cervical limitations.   Tr. 212.   Moreover, Dr. Kitchel failed to

4    address plaintiff's functional limitations.   Tr. 203-05.

5        The ALJ also rejected Dr. Mentzer's conclusions regarding

6    plaintiff's psychological condition, stating that Dr. Mentzer's

7    use of the word "moderate" in his June 2006 assessment did not

8    accord with the Social Security disability evaluation system.

9    Tr. 27.  However, the ALJ then stated: "to be fair, it seems that

10   the claimant may have some limitations in social functioning,

11   concentration, persistence and pace at the "moderate" level, as

12   discussed below."  Tr. 26-27.  The ALJ concluded by adopting the

13   opinion of the Disability Determination Service (DDS) that

14   plaintiff had "moderate" mental limitations.   Tr. 26.   Although

15   the defendant objects to Dr. Mentzer's use of the phrase

16   "moderately disabled" regarding plaintiff, defendant fails to

17   address Dr. Mentzer's further assessment that due to plaintiff's

18   mental illness, he would have "considerable difficulty in a

19   workplace situation, including concentration, persistence, and

20   especially interpersonal interaction."  Tr. 208.

21       The Commissioner provided inadequate reasons for failing to

22   fully credit plaintiff's treating physician's opinion.

23   Therefore, Dr. Mentzer's opinion is credited as true as a matter

24   of law.  Widmark v. Barnhart, 454 F.3d 1063, 1069 C. (9th Cir.

25   2006).

26   ///

27   ///

28   ///

10   - OPINION AND ORDER

1    C.  The ALJ Erred in Failing to Credit the Opinion of

2    Plaintiff's Treating Therapist.

3        A mental health therapist is considered an "other source"

4    as described in 20 C.F.R. § 404.1513(d), who may provide insight

5    into the severity of the impairment and how it affects

6    plaintiff's ability to function.  The opinion of a "other source"

7    may be given more weight than an acceptable source "if he or she

8    has seen the individual more often than the treating source and

9    has provided better supporting evidence and a better explanation

10   for his or her opinion."  SSR 06-3p.

11       Here, plaintiff was treated for over a year by Cori

12   Taggart, a mental health therapist.  Taggart opined that

13   plaintiff's psychological impairments prevented him from being

14   able to obtain and sustain gainful employment.  Tr. 219, 221.

15   The ALJ found that Taggart was not an acceptable source and did

16   not credit her comments or opinions.  Tr. 27.  Specifically, the

17   ALJ found that Taggart's June 2006 report was not supported by

18   clinical findings, was based on plaintiff's subjective

19   statements, and was contradicted by plaintiff's much improved

20   functioning on antidepressant medication.  Id.

21       When viewing Taggart's treatment records in light of the

22   entire treatment relationship, considering the length of the

23   treatment relationship, the frequency of visits, and the nature

24   and extent of the treatment received, Taggart's records reveal

25   objective signs of mental illness and support her conclusions

26   regarding plaintiff's limitations.  20 C.F.R. §§

27   404.1527(d)(2)(I), (ii).  Taggart's June 2006 Case Update was a

28   summary of her treatment of plaintiff at the agency's request.

11  - OPINION AND ORDER

Taggart described plaintiff as having some period of increased stabilization, but also some periods of destabilization. Tr. 218. She found that plaintiff struggled to attain even a minimal level of functioning. Id. Taggart described plaintiff as having a high degree of arousal, related to external triggers. Tr. 219. In Taggart's Annual Review in January 2006, she noted that plaintiff appeared restless, with loud speech that was intense at times. Tr. 26. She described plaintiff's affect as anxious, angry and sad. Id. She found that his memory and concentration were impaired. Id. In February 2005, Taggart noted that plaintiff had rapid speech, and his affect/mood was labile, anxious, angry, depressed and sad. Tr. 254. She also noted that his concentration, memory and judgment were impaired, finding that he rambled and forgot things. Id. In July 2005, Taggart noted that plaintiff was tense and that his eyes were often narrowed, with a mistrustful, fearful, angry expression. Tr. 220. In September 2005, while plaintiff showed some improvement, by January 2006, his anxiety increased after moving back to Eugene. Tr. 224, 235. By February 2006, plaintiff's sleep had worsened, and he felt antsy and irritable. In April 2006, after another medication change, he felt even more anxious, irritable and isolated. Tr. 232.

I find that Taggart's observations and conclusions were significant and probative as an "other source." The ALJ failed to provide reasons, supported by substantial evidence, for rejecting Taggart's opinions.

///

///

12   - OPINION AND ORDER

1

## CONCLUSION

2          The Commissioner's decision is not based on substantial

3   evidence.    Therefore, this case is reversed and remanded for

4   payment of benefits.    This case is dismissed.

5   IT IS SO ORDERED.

6          Dated this *26* day of August 2008.

7

8

9

10                              _____

11                                      Ann Aiken
                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13   - OPINION AND ORDER